## APPEAL OF J. C. WILCOX.

Docket No. 4244. Submitted September 14, 1925. Decided November 11. 1925.

> In the absence of evidence of a purchase, a sale of the property purchased, or its cost or value as of March 1, 1913, the Board can not determine the fact of a gain or loss.

*Robert G. Sjostrom* and *William S. Hammers, Esqs.*, for the taxpayer.

*Benjamin H. Saunders* and *Bruce A. Lowe, Esqs.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the calendar year 1919 and the period January 1, 1920, to June 30, 1920, in the amounts of $109.62 and $4,059.66, respectively, against which is offset an overassessment of $1,008.03 for the fiscal year ended June 30, 1921.

### FINDINGS OF FACT.

Taxpayer is a resident of Miami, Fla.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: The determination of the Commissioner must be approved for the reason that the Board has no evidence whatever upon which it can base any findings of fact. Taxpayer's petition contains the following allegation:

The determination of the tax contained in the said deficiency letter is based upon the following errors:

Undervaluation of certain lots as of March 1, 1913.

The facts upon which the taxpayer relies as to the basis of his appeal are as follows:

That the lots in question were actually worth at least $10,000.00, as of March 1, 1913.

The only evidence before the Board is the depositions of two alleged real estate experts, who estimated that at some time about March 1, 1913, the value of certain lots situated outside of the city limits of Miami, known as block 69, was approximately $10,000. We have no evidence that these lots belonged to the taxpayer, or, if they did, what he paid for them, or for what amount or when he sold them, or that the deficiency determined by the Commissioner was based in whole or in part upon a gain derived from the sale or other disposition of such lots or of any property belonging to the taxpayer, and we can not, therefore, determine the gain or loss. *Appeal of Anniston City Land Co.*, 2 B. T. A. 526.